# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK ALLEN MCCONAUGHY,**

    **Plaintiff,**

                                          Case No. 2:21-cv-2240

    vs.                                   Judge Michael H. Watson

                                          Magistrate Judge Elizabeth P. Deavers

**BELMONT COUNTY COURTHOUSE,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendant "Belmont County Courthouse." (ECF No. 1-2, at 1.) Plaintiff's Complaint restated here verbatim alleges, in its entirety, as follows:

> The Belmont County Courthouse has and currently is denying me access to the judicial system of the United States of America in violation of my 14th Amendment rights to due process under the U.S. Constitution! Since I am also disabled, this is also a violation of Title 2 of the Americans with Disabilities Act. Their actions is

3

> in retaliation to a lawsuit I am currently filing in your courthouse for a violation of my civil right to safety! This courthouse has used my hometown police department to intimidate me, they have blocked any and all phone calls I make to the courthouse from my home phone and has refused to allow me to request a change of venue for a motion that caused the violation of my civil right to safety. I have no access to transportation other than medical appointments and no access to out-going mail. This behavior by the Belmont County Courthouse began on April 21st, 2021 and will continue into the future. I have informed my phone provider, Comcast, of the situation and their phone department to enlist their assistance in phone records. I will also file a judicial misconduct report with the Ohio Attorney General. I am truly being deprived of due process! Please allow this to move forward! P.S. I will request the F.B.I. perform an investigation under Title 18 U.S.C. Section 241 Conspiracy Against Rights.

(*Id*. at 3.)

To the extent Plaintiff alleges a violation of his civil rights, the Court construes his Complaint as attempting to assert a claim under 42 U.S.C. § 1983. However, any such claim against the Belmont County Courthouse fails because county "courts in Ohio qualify as arms of the state, and therefore 'are immune from suits brought by citizens of Ohio.'" *Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (quoting *Lott v. Marietta Mun. Court*, No. 2:13-CV-00377, 2013 WL 6662836, at *4 (S.D. Ohio Dec. 17, 2013); *see also Lloyd v. Pokorny*, No. 2:20-CV-2928, 2020 WL 4455547, at *5 (S.D. Ohio Aug. 3, 2020), *appeal dismissed,* No. 20-3928, 2020 WL 7062663 (6th Cir. Nov. 3, 2020) ("In the Sixth Circuit … Ohio municipal courts are arms of the state and thus entitled to Eleventh Amendment immunity"); *Michelle R. v. Vill. of Middleport Ohio*, No. 2:19-CV-2272, 2020 WL 1275686, at *4 (S.D. Ohio Mar. 17, 2020)("The Sixth Circuit has held that Ohio county and municipal courts are arms of the state and therefore are immune from suit under the Eleventh Amendment."); *Davis v. Jackson Cty. Mun. Ct.,* 941 F. Supp. 2d 870, 878 (S.D. Ohio 2013) (finding that a county municipal court was an arm of the state for the purposes of Eleventh Amendment immunity).

Further, the Ohio Supreme Court has held:

> [A] court ... is not sui juris. A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law. Absent express statutory authority, a court can neither sue nor be sued in its own right.

*Phillips*, 2019 WL 2289277, at *10 (quoting *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976) (internal quotation marks and citations omitted); *see also Cooper v. Rapp*, No. 2:16-CV-00163, 2016 WL 7337521, at *8 (S.D. Ohio Dec. 19, 2016), *aff'd*, 702 F. App'x 328 (6th Cir. 2017) (state court is not a proper party because it lacks an "independent legal existence" and therefore is incapable of being sued)(internal quotation marks and citation omitted). This is so whether Plaintiff's action is directed at the Belmont County Court of Common Pleas or a municipal court. *J.H. v. Ohio Dep't of Job & Fam. Servs.,* No. 1:19-CV-992, 2019 WL 6485733, at *2 (S.D. Ohio Dec. 3, 2019) (a court is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action); *see also Hawkins v. Youngstown Mun. Court*, No. 4:12-cv-1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012) (Youngstown Municipal Court is not *sui juris*, meaning it is not a legal entity that can sue or be sued; court is merely a subunit of the municipality it serves); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4–5 (S.D. Ohio March 26, 2009) (holding that the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court are not *sui juris*); *Johnson v. Cuyahoga Cty. Ct. of Common Pleas Domestic Rels.*, No. 18CV2521, 2019 WL 969449, at *2 (N.D. Ohio Feb. 28, 2019) ("Common pleas courts are not *sui juris* and cannot sue or be sued in their own right.")

Additionally, to the extent Plaintiff's allegations could be construed as directed to any Belmont County judge, any such judge would be entitled to absolute judicial immunity. *Padgett v. Kentucky*, No. 1:21-CV-12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain

5

absolute immunity from [Section 1983] liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.") (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 60, 607 (6th Cir. 2001)). Similarly, they would have Eleventh Amendment immunity for all claims against them in their official capacities for damages. *Lloyd*, 2020 WL 4455547, at *5 (citing *S.L. v. Peirce Twp. Bd. of Trs.*, No. 1:07cv986, 2009 WL 818436, at *11 n.7, 2009 U.S. Dist. LEXIS 31367, at *20–21 n.7 (S.D. Ohio Mar. 26, 2009)).

Moreover, to the extent Plaintiff's complaint could be read as challenging the outcome of any state court rulings, the Court is precluded from reviewing any state law decision. *See Davis v. Johnson*, 664 Fed.Appx. 446, 448 (6th Cir. 2016) (internal quotation and citation omitted) ("The claims in Plaintiff's instant complaint could be read as challenges to state court orders which are barred by the *Rooker-Feldman* doctrine.")

Finally, to the extent that Plaintiff's Complaint could be construed as asserting a violation of the Americans with Disabilities Act ("ADA") in a way that impacted his due process rights, he has failed to state a plausible claim. "To state a claim under Title II of the ADA, a plaintiff must allege, among other things, 'a casual relationship between his disability and alleged discriminatory conduct.'" *Parker by Parker v. City of Highland Park*, 437 F. Supp. 3d 609, 620–21 (E.D. Mich. 2020) (quoting *Daniels v. Leslie*, 2018 WL 3216240, at *4 (E.D. Mich. July 2, 2018)). "Stated another way, a plaintiff must plead, and ultimately establish, that 'the defendant took action *because of* the plaintiff's disability, *i.e.*, the plaintiff must [plead and] present evidence that *animus* against the protected group was a *significant factor* [in the defendant's

conduct].'" *Id.* (emphasis in original). Plaintiff's mere conclusory statement that his ADA rights have been violated is insufficient to meet these pleading requirements here.

For all of these reasons, it is **RECOMMENDED** that the Court dismiss all claims against the Belmont County Courthouse.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**DATED: June 28, 2021**                     */s/ Elizabeth A. Preston Deavers*
                                              **ELIZABETH A. PRESTON DEAVERS**
                                              **UNITED STATES MAGISTRATE JUDGE**